IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RICHARD A. DORAN AND PATRICIA )    CIVIL NO. 11-00132 LEK-KSC
R. DORAN, individually and as )
trustees of THE RICHARD A.    )
DORAN AND PATRICIA R. DORAN   )
FAMILY TRUST,                 )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
WELLS FARGO BANK, ET AL.,     )
                              )
          Defendants.         )
_____ )

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED JUNE 13, 2011**

          Before the Court is Defendant Wells Fargo Bank,

National Association's[1] ("Defendant") Motion to Dismiss First

Amended Complaint Filed June 13, 2011 ("Motion"), filed on

June 27, 2011.  Plaintiffs Richard A. Doran and Patricia R.

Doran, individually and as trustees of the Richard A. Doran and

Patrician R. Doran Family Trust ("the Trust", all collectively

"Plaintiffs") filed their memorandum in opposition on September

13, 2011, and Defendant filed its reply on September 27, 2011.

This matter came on for hearing on October 17, 2011.  Appearing

on behalf of Defendant was Audrey Yap, Esq., and appearing on

behalf of Plaintiffs was David Cain, Esq., by telephone.  After

careful consideration of the Motion, supporting and opposing

_____

          [1] Wells Fargo Bank, National Association, is also known as
Wells Fargo.

memoranda, and the arguments of counsel, Defendant's Motion is
HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set
forth below.

## BACKGROUND

Richard and Patricia Doran, individually ("the
Dorans"), filed the original complaint pro se in the State of
Hawai`i Circuit Court of the Second Circuit on February 8, 2011.
The Dorans alleged numerous claims against Defendant in relation
to the loan modification process for, and eventual foreclosure
on, their home at 3360 Kua`au Place, Kihei, Hawai`i 96753 ("the
Property").  Defendant removed the action based upon diversity
jurisdiction on March 2, 2011.  [Notice of Removal, filed 3/2/11
(dkt. no. 1-1), at ¶ 5.]  A week later, Defendant filed a Motion
to Dismiss, arguing that the Dorans failed to state a claim upon
which relief could be granted and that the Dorans lacked standing
since the Trust holds title to the Property at issue.  The Dorans
obtained counsel while the motion was pending.

On May 31, 2011, the Court issued an order granting
Defendant's Motion to Dismiss ("May 31, 2011 Order").  Doran v.
Wells Fargo Bank, et al., Civil No. 11-00132 LEK-BMK, 2011 WL
2160643 (D. Hawai`i May 31, 2011).  The Court dismissed with
prejudice the Dorans' claims of unfair and deceptive trade
practices under Washington law, slander of title, slander of
credit, and negligent infliction of emotional distress.  The

Court dismissed without prejudice the Dorans' claims of fraud, wrongful foreclosure, intentional infliction of emotional distress ("IIED"), and loss of consortium.  Id. at *16.  The Court required the Dorans to include the Trust as a named plaintiff in any subsequent amended complaint that claims fraud or wrongful foreclosure because the Trust, as title-holder to the Property, is the allegedly injured party in these claims.  Id.

Plaintiffs filed their First Amended Complaint on June 13, 2011, in accordance with May 31, 2011 Order.  The First Amended Complaint names the Dorans as plaintiffs in their individual capacities and as trustees of the Trust.  The First Amended Complaint alleges all of the counts that the May 31, 2011 Order dismissed without prejudice: Count I - fraud; Count II - wrongful foreclosure; Count III - IIED; and Count IV - loss of consortium.  The factual allegations common to all counts are identical to those in the original complaint, [First Amended Complaint at ¶¶ 1-28,] with the exception of the allegations discussing the Trust [id. at ¶¶ 1-2, 5].

The principal changes from the original complaint to the First Amended Complaint are expanded recitations of the claims.  As to Count I (fraud), Plaintiffs newly allege that, when Defendant encouraged Plaintiffs to apply for a loan modification and told them that they were "pre-qualified", Defendant "had no intention of giving them a loan modification."

[Id. at ¶¶ 30-33.]   Further, Defendant "refused to update its files" regarding the loan modification and foreclosed on the Property in spite of its representations to Plaintiffs.   [Id. at ¶¶ 37, 39.]   The First Amended Complaint also alleges that Defendant benefitted from the misrepresentation by charging late fees, claiming a larger tax loss, and acquiring the Property, which Defendant knew would eventually appreciate.   [Id. at ¶¶ 35-36.]   As to Count II (wrongful foreclosure), Plaintiffs allege that Defendant did not give proper notice of the impending foreclosure, as required under Hawai`i Revised Statutes Chapter 667, because "Plaintiffs were being assured they were being considered for loan modification."   [Id. at ¶¶ 41-42.] Plaintiffs also allege that the foreclosure protections under 2011 Haw. Sess. Laws Act 48 ("Act 48") apply.   [Id. at ¶ 43.] For Count III (IIED), Plaintiffs allege that the misrepresentation that Plaintiffs were "pre-qualified" for a loan modification, the cancellation of the modification process, and the subsequent foreclosure, "intentionally or recklessly injured Plaintiffs."   [Id. at ¶¶ 45-46.]   Plaintiffs claim that, as a result, they have suffered "sleeplessness, health-effects from stress, and loss of consortium."   [Id. at ¶ 49.]   Count IV alleges that "[a]s a proximate result of the negligent actions of Wells Fargo, Plaintiffs' marriage has been affected and as a consequence, has impaired their society and services."   [Id. at ¶

4

52.]

Plaintiffs ask the Court to enjoin any actions relating to the transfer of the Property to Defendant or to a third-party buyer; consequential damages; fees and costs pursuant to any written loan agreement binding Defendant; and any other appropriate relief.

## I.   Motion

In the instant Motion, Defendant first points out that, on April 6, 2005, the Dorans, as Trustees of the Trust, executed a Promissory Note secured by a Mortgage ("First Note" and "First Mortgage")[2] as Trustees under the Trust.  The principal amount of the First Note was $926,000.00, and the First Mortgage gave Defendant a security interest in the Property.  Defendant subsequently sold, assigned and transferred its interest in the First Note and First Mortgage to U.S. Bank N.A., as Successor Trustee to Wachovia Bank N.A. for WFASC 2005-AR13 ("U.S. Bank").  One of Defendant's divisions, Wells Fargo Home Mortgage, Inc., is and was U.S. Bank's servicing agent for the First Mortgage. [Mem. in Supp. of Motion at 2-3.]

On May 21, 2007, the Dorans, as Trustees of the Trust, also executed another promissory note and another mortgage

---

[2] The First Mortgage is attached to the Motion as Exhibit A to the Declaration of Counsel.

("Second Note" and "Second Mortgage") in favor of Defendant.[3]
The principal amount of the Second Note was $200,000.00, and the
Second Mortgage gave Defendant a security interest in the
Property.  Defendant states that, on or about October 1, 2009,
the Trust defaulted under the terms of the First Note and First
Mortgage.  Defendant served a Notice of Mortgagee's Intention to
Foreclose ("Foreclosure Notice") on the Trust on April 19, 2010.[4]
[Id. at 3-4.]

     Defendant argues that Plaintiffs fail to state a claim
for fraud because they have failed to plead fraud with
particularity as required by Fed. R. Civ. P. 9(b).  Defendant
argues that Plaintiffs failed to follow the "ample guidance"
given in the May 31, 2011 Order on how to rectify the defects in
the original complaint.  [Id. at 2.]  Defendant contends that the
First Amended Complaint does not sufficiently allege the
circumstances of fraud, specifically, the "time, place, and

_____

     [3] The Second Mortgage, between "Richard A. Doran and
Patricia Ruth Doran, Trustees Under the Richard and Patricia
Doran Family Trust Dated Nov -4 1991" as "Mortgagor" and Wells
Fargo Bank, N.A. as "Mortgagee", recorded on July 24, 2007 in the
Bureau of Conveyances as document number 2007-131571, is attached
to the Motion as Exhibit B to the Declaration of Counsel.

     [4] The Mortgagee's Affidavit of Foreclosure Sale Under Power
of Sale, filed October 15, 2010 in the Bureau of Conveyances as
document number 2010-156277 ("Foreclosure Affidavit"), is
attached to the Motion as Exhibit C to the Declaration of
Counsel.  The Foreclosure Affidavit notes the service of the
Foreclosure Notice on various persons and entities, including
Plaintiffs, in their capacities as trustees.  [Foreclosure Aff.
at 2-3.]

content of the fraudulent representation." [Id. at 6-7 (citing

Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035,

1042 (9th Cir. 2010)).] Plaintiffs allege that Defendant made

false representations to them when they were applying for a loan

modification. The First Amended Complaint does not specify who

made the purportedly false representations, what representations

were made, how the representations were expressed, why the

representations were false, and when and where the

representations were made. [Id. at 7 (citing Vess v. Ciba-Geigy

Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Swartz v. KPMG

LLP, 476 F.3d 757, 764 (9th Cir. 2007); Kearns v. Ford Motor Co.,

567 F.3d 1120, 1124 (9th Cir. 2009)).] Defendant argues that,

because Plaintiffs provided insufficient detail regarding the

alleged misrepresentations, Plaintiffs failed to put Defendant on

notice of the alleged misconduct. [Id. at 8.] Further,

Defendant contends that Plaintiffs have not alleged that they

detrimentally relied on the allegedly fraudulent statements, as

their position is not worse as a result of those statements.

[Id. at 8-9 (citing Fisher v. Grove Farm Co., 123 Hawai`i 882,

103, 230 P.3d 382, 403 (2009)).]

        Defendant argues that Plaintiffs' wrongful foreclosure

claim fails because there is no basis in law or fact to conclude

that the foreclosure was wrongful. Defendant emphasizes that

Plaintiffs admit they failed to make timely payments on the

Mortgages, and Defendant therefore argues that the foreclosure was proper under existing law. [Id. at 9 (citing Johnson v. Ass'n of Apt. Owners of Ke Aina Kai Townhomes, 2006 U.S. Dist. LEXIS 61106, at *25-26 (D. Haw. 2006)).] Defendant argues that Plaintiffs received the Foreclosure Notice, and that discussing a possible loan modification does not vitiate notice of a nonjudicial foreclosure under Haw. Rev. Stat. § 667-5. [Id. at 9-10 (citing Mortgagees' Affidavit of Foreclosure Sale Under Power of Sale).]

Defendant further argues that the new nonjudicial foreclosure procedures under Act 48 do not apply because Act 48 did not come into force until seven months after Plaintiffs' foreclosure, and there is no retrospective intention in the legislation. [Id. at 10-11.[5]] Defendant finally asks the Court to follow California precedent, ruling that tender is a required element of a wrongful foreclosure claim. Defendant argues that Plaintiffs should have to allege that they made or could make a "valid and viable tender" of the amounts owed in order to pursue a wrongful foreclosure claim. [Id. at 11-12 (citing Williams v. Countrywide Home Loans, 1999 WL 740375, at *2 (N.D. Cal. Sept. 20, 1999); Benham v. Aurora Loan Servs., 2009 U.S. Dist. LEXIS 91287 (N.D. Cal. Oct. 1, 2009)).]

---

[5] Act 48 is attached to the Motion as Exhibit D to the Declaration of Counsel.

Defendant next argues that Plaintiffs' IIED claim fails because the Complaint does not allege outrageous conduct.  [Id. at 13.]  U.S. Bank holds the validly executed First Note and First Mortgage, which Plaintiffs defaulted on; Defendant therefore did not engage in outrageous conduct by proceeding with the foreclosure on behalf of U.S. Bank.  [Id. at 13-14.]

Finally, Defendant argues that Plaintiffs have failed to state a claim for loss of consortium.  Loss of consortium is a derivative claim, and all of Plaintiffs' underlying tort claims are without factual or legal basis.  [Id. at 14 (citing Mist v. Westin Hotels, 69 Haw. 192, 197, 738 P.2d 85, 90 (1987)).]

Defendant therefore asks the Court to dismiss the First Amended Complaint in its entirety.

## II.  **Plaintiffs' Memorandum in Opposition**

In their Memorandum in Opposition, Plaintiffs argue that the First Amended Complaint contains the basic elements of the claims, and therefore it is sufficient to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. They contend that the recent United States Supreme Court decisions do not invalidate the general rules that a plaintiff need only plead the basic elements of a claim, and a court considering a motion to dismiss must construe the allegations of fact in the light most favorable to the non-moving party.  [Mem. in Opp. at 4 (some citations omitted) (citing Zimmerman v. City

9

of Oakland, 255 F.3d 734, 737 (9th Cir. 2001); Ashcroft v. Iqbal,
129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Bell Atl. Corp.
v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929
(2007); Beaudry v. TeleCheck Servs., Inc., 579 F.3d 702, 704 (6th
Cir. 2009) (supporting the proposition that Iqbal and Twombly do
not displace the rule of construing facts favorably towards the
non-moving party)).]  Plaintiffs further assert that dismissal
without leave to amend is improper unless the complaint could not
be saved by amendment.  [Id. (citing Harris v. Amgen, Inc., 573
F.3d 728, 737 (9th Cir. 2009)).]

          As to the fraud claim, Plaintiffs argue that Defendant
falsely assured them that they would qualify for a loan
modification when Defendant did not intend to give the
modification and knew it would foreclose on the Property.
Plaintiffs state that they relied on Defendant's assurance to
their detriment, and Defendant was aware of Plaintiffs' reliance.
[Id. at 5-6.]

          As to the wrongful foreclosure claim, Plaintiffs argue
that the Foreclosure Notice was deficient because Defendant told
them to ignore the foreclosure notices they received because of
the pending loan modification process.  [Id. at 6-7.]  The Court,
however, notes that the First Amended Complaint does not allege
that Defendant told Plaintiffs to ignore any foreclosure notices.

As to the IIED and loss of consortium claims, Plaintiffs reallege that Defendant's intentional or reckless and outrageous conduct caused them sleeplessness, health-effects from stress, and loss of consortium by affecting their marriage and impairing "their society and services."  [Id. at 7-8.] Plaintiffs therefore urge the Court to deny Defendant's Motion. [Id. at 8.]

## III. **Defendant's Reply**

In its Reply, Defendant reiterates its argument that Plaintiffs' First Amended Complaint cannot survive a motion to dismiss because it does not contain sufficient factual allegations to support its legal conclusions.  [Reply at 2.]

As to the fraud claim, Defendant reiterates the arguments in the Motion and asserts that Plaintiffs have ignored the Court's instructions to specify the "time, place, and content of the allegedly fraudulent statements."  [Id. at 3 (citing Doran, 2011 WL 2160643, at *11).]  Defendant further argues that Plaintiffs fail to establish facts showing that Plaintiffs detrimentally relied on a misrepresentation.  Detrimental reliance requires reasonable action or forbearance that results in damages; Defendant argues that Plaintiffs failed to establish the necessary factual allegations and offered only "a formulaic recitation of the elements".  [Id. at 4-5 (citing Iqbal, 129 S. Ct. at 1949; Kau Agribusiness Co. v. Heirs or Assigns of

Kahananui, 105 Haw. 182, 194 (2004); Exotics Hawaii-Kona, Inc. v. E.I. du Pont de Nemours & Co., 116 Haw. 277, 285 (2007); Brennan v. Wells Fargo & Co., 2011 U.S. Dist. LEXIS 68571 (N.D. Cal. 2011); Tom v. GMAC Mortg., LLC, 2011 U.S. Dist. LEXIS 56825 (D. Haw. May 25, 2011); Learning Works, Inc. v. Learning Annex, Inc., 830 F.2d 541, 546 (4th Cir. 1987)).]

As to the wrongful foreclosure claim, Defendant argues that Plaintiffs failed to follow the Court's instructions to "plead specific factual allegations setting forth the claimed defects in the foreclosure process." [Id. at 6 (citing Doran, 2011 WL 2160643, at *13).] Defendant further argues that the consideration of Plaintiffs' loan modification application did not invalidate Defendant's Foreclosure Notice and therefore did not result in defective notice. While Plaintiffs state no legal authority to support their claim, Defendant cites to persuasive authority holding that neither oral promises nor a homeowner's submission of materials during the loan modification process supercedes a mortgagee's right to sell. [Id. at 6-7 (citing Karimi v. Wells Fargo, 2011 U.S. Dist. LEXIS 47902 at *7-8 (C.D. Cal. May 4, 2011); Morris v. Wells Fargo Home Mortg., 2011 U.S. Dist. LEXIS 93729 at *5) (E.D. Mo. August 22, 2011)).] Defendant finally argues that Haw. Rev. Stat. Chapter 667 does not require a mortgagee to halt nonjudicial foreclosure proceedings because of loan modification considerations. [Id. at 7.]

As to the IIED claim, Defendant argues that the findings in the May 31, 2011 Order apply because Plaintiffs' First Amended Complaint does not significantly differ from the original complaint.  The Court should therefore reassert its finding that default and foreclosure proceedings and the denial of loan modification do not rise to the level of outrageous conduct necessary to support an IIED claim.  [Id. (citing Doran, 2011 WL 2160643, at *14).]  Finally, Defendant argues that, because the IIED claim fails, the loss of consortium claim also fails as a derivative claim.

**STANDARD**

**I.   Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

> Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).
> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and

construed in the light most favorable to the
nonmoving party.  Fed'n of African Am. Contractors
v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir.
1996).  To survive a motion to dismiss, a
complaint must contain sufficient factual matter
to "state a claim to relief that is plausible on
its face." Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929
(2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the
court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937,
1949, 173 L. Ed. 2d 868 (2009).  "Threadbare
recitals of the elements of a cause of action,
supported by mere conclusory statements, do not
suffice." Id. (citing Twombly, 550 U.S. at 554,
127 S. Ct. 1955).  Factual allegations that only
permit the court to infer "the mere possibility of
misconduct" do not show that the pleader is
entitled to relief.  Id. at 1950.

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693

F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010).

Further, "dismissal without leave to amend is improper

unless it is clear that the complaint could not be saved by any

amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir.

2009) (citation and quotation marks omitted).  "But courts have

discretion to deny leave to amend a complaint for futility[.]"

Johnson v. American Airlines, Inc., 834 F.2d 721, 724 (9th Cir.

1987).

## II.  Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that

"[i]n alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake."

14

Rule 9(b) requires that a party make particularized allegations of the circumstances constituting fraud.  See Sanford v. MemberWorks, Inc., 625 F.3d 550, 557-58 (9th Cir. 2010).

In order to sufficiently plead a fraud claim, the plaintiffs "must allege the time, place, and content of the fraudulent representation; conclusory allegations do not suffice."  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010) (citation omitted).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); see also Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007) (en banc) ("[T]he state of mind - or scienter - of the defendants may be alleged generally." (citation omitted)).

In addition to the particularity requirement, the Iqbal plausibility standard applies to fraud claims, that is, the facts must be plead with plausibility as well as particularity.

> To satisfy Rule 9(b), a pleading must identify "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false."
> . . . [C]laims of fraud or mistake . . . must, in addition to pleading with particularity, also plead plausible allegations.

Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (citations omitted) (some alterations in original).

A motion to dismiss for failure to plead with particularity is "the functional equivalent of a motion to dismiss under Rule 12(b)(6)[.]"  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding whether a claimant will ultimately prevail but rather whether the claimant is entitled to offer evidence to support the claims asserted.  <u>Twombly</u>, 550 U.S. at 563 n.8 (citation omitted).

## DISCUSSION

## I.   <u>Count I - Fraud</u>

The May 31, 2011 Order stated:

> The Court also notes that, under Hawai`i law, the false representation forming the basis of a fraud claim "must relate to a past or existing material fact and not the occurrence of a future event."  <u>Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc.</u>, 107 Hawai`i 423, 433, 114 P.3d 929, 939 (Ct. App. 2005) (citations and block quote format omitted) (emphasis in original).  Further, even if the allegations satisfy the other elements of a fraud claim, "[f]raud cannot be predicated on statements which are promissory in their nature, or constitute expressions of intention, and **an actionable representation cannot consist of mere broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to future events**[.]"  <u>Id.</u> (citations and block quote format omitted) (emphasis in original).  The exception to this general rule is that "[a] **promise relating to future action or conduct** will be actionable, however, if the promise was made without the present intent to fulfill the promise."  <u>Id.</u> (citations and block quote format omitted) (emphasis in <u>McElroy</u>).

<u>Doran</u>, 2011 WL 2160643, at *12.

In the First Amended Complaint, Plaintiffs attempted to amend their fraud claim to allege the intentional element required for a fraud claim based on representations about future events.  Plaintiffs allege that Defendant "knew when it encouraged Plaintiffs to apply for a loan modification, that it had no intention of giving them a loan modification." [First Amended Complaint at ¶ 31.]  Although Plaintiffs addressed this defect identified in the May 31, 2011 Order, they still fail to state a plausible fraud claim because they did not plead the alleged misrepresentations with the required particularity.

In the May 31, 2011 Order, the Court ruled as follows with respect to Plaintiffs' fraud claim:

> [T]he allegations of Plaintiffs' fraud claim fail to meet the pleading requirements of Fed. R. Civ. P. 9(b).  Plaintiffs merely made conclusory allegations about the allegedly fraudulent statements without setting forth the time, place, and content of the allegedly fraudulent statements.  <u>See</u> <u>Shroyer v. New Cingular Wireless Servs., Inc.</u>, 622 F.3d 1035, 1042 (9th Cir. 2010). This Court must dismiss the fraud claim on this basis alone.

<u>Doran</u>, 2011 WL 2160643, at *11.  The Court, however, found that it was "arguably possible for Plaintiffs to cure the defects in this claim if they can make specific allegations according to the standards discussed." <u>Id.</u> at *12.

Plaintiffs' First Amended Complaint fails to offer any details as to the time, place, or content of the allegedly fraudulent statements.  The First Amended Complaint merely makes

general allegations, for example, stating that Defendant "made a number of statements that Plaintiffs were 'pre-qualified' for loan modification", but Plaintiffs have not provided the required information about these misrepresentations.  The general allegations in the First Amended Complaint are not sufficient to satisfy the pleading standard for fraud claims.

Fraud claims must, "in addition to pleading with particularity, also must plead plausible allegations.  That is, the pleadings must state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'"  <u>Cafasso</u>, 637 F.3d at 1055 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 566, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (alterations in <u>Cafasso</u>) (footnotes omitted).  The Court acknowledges that, at this stage of the case, Plaintiffs may not have documentary evidence supporting their allegations and they may not know the names of the persons who made the representations.  Plaintiffs, however, must plead enough facts to raise a reasonable expectation that discovery would reveal evidence of such a misrepresentation.  Plaintiffs must allege the time, place, and content of the allegedly fraudulent statements in order to satisfy the Rule 9(b) standard of particularity.

Further, Plaintiffs must also plead plausible allegations that they reasonably relied on Defendant's

misrepresentations to their detriment.  While it is understandable that the Dorans have suffered hardships because of the foreclosure on their home, it does not necessarily follow that the Trust's reliance on the alleged misrepresentations regarding the loan modification process caused harm to the Trust.

        Based on the foregoing, the Court finds that it is arguably possible for Plaintiffs to cure the defects in their fraud claim.  The Court therefore GRANTS Defendant's Motion as to Count I insofar as this Court DISMISSES Count I WITHOUT PREJUDICE.  The Court will allow Plaintiffs to amend their fraud claim, but the Court CAUTIONS Plaintiffs that, if they cannot allege a fraud claim that satisfies the pleading standards identified in this Order, this Court will dismiss the fraud claim with prejudice.

## II.  <u>Count II - Wrongful Foreclosure</u>

        Wrongful foreclosure is a state law claim.  <u>See, e.g.</u>, <u>Curiel v. Barclays Capital Real Estate Inc.</u>, Civ. No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Plaintiffs do not state what specifically was "wrongful" about the foreclosure, except that the foreclosure happened while Plaintiffs were applying for loan modification and while Defendant was assuring Plaintiffs that they qualified.  [First Amended Complaint at ¶ 42.]  Plaintiffs contend that, because Defendant assured them that they were under consideration for a

loan modification, this consideration made the Foreclosure Notice deficient.  [First Amended Complaint at ¶ 42.]

Other cases in this district have asserted wrongful foreclosure claims pursuant to Haw. Rev. Stat. Chapter 667.  See, e.g., Rundgren v. Bank of New York Mellon, 777 F. Supp. 2d 1224, 1234 (D. Hawai`i 2011).  In the instant action, Defendant provided Plaintiffs with notice of the impending foreclosure in accordance with the foreclosure guidelines set forth in Chapter 667.  [Motion, Decl. of Counsel, Exh. C (Foreclosure Aff.).] Defendant's Foreclosure Notice was proper under Chapter 667, and the loan modification process did not invalidate the notice because an oral promise of a future loan modification does not supercede a mortgagee's right to sell.  See Karimi v. Wells Fargo, CV 11-00461-RGK (Opx), 2011 U.S. Dist. LEXIS 47902, at *7-8 (C.D. Cal. May 4, 2011) ("Defendant's alleged promise not to sell Plaintiffs' home was not made in writing, so it does not constitute an enforceable modification of the written loan agreement that originally created Defendant's right of foreclosure.  Thus, the right of foreclosure remained intact." (citations omitted));[6] see also Haw. Rev. Stat. § 656-1(8) (requiring a writing to enforce a "promise, contract, or agreement" "[t]o charge any financial institution upon an agreement by the financial institution to lend money or extend

---

[6] Karimi is not available on Westlaw.

credit in an amount greater than $50,000").

Further, the Ninth Circuit has recognized that "[s]ubstantive wrongful foreclosure claims . . . typically are available after foreclosure and are premised on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower." <u>Cervantes v. Countrywide Home Loans, Inc.</u>, --- F.3d ----, No. 09-17364, 2011 WL 3911031, at *6 (9th Cir. Sept. 7, 2011) (citations omitted) (finding leave to amend a Second Amended Complaint futile because of failure to state a plausible claim for relief).  In the instant case, the only basis that Plaintiffs offer for their allegation that the foreclosure was wrongful is that "[b]ecause Plaintiffs were being assured they were being considered for loan modification, the notice that Wells Fargo claims to have given in the non-judicial foreclosure is deficient."  [First Amended Complaint at ¶ 42.] Plaintiffs admit they were having trouble paying their mortgage payments, [<u>id.</u> at ¶ 7,] Defendant contends that Plaintiffs were in default, [Mem. in Supp. of Motion at 4,] and Defendant provided notice to Plaintiffs through the Foreclosure Notice [Motion, Decl. of Counsel, Exh. C (Foreclosure Aff.)]. Plaintiffs' wrongful foreclosure claim is not premised on the allegation that they were not in default.  Rather, Plaintiffs apparently contend that the wrongful foreclosure was based on the "procedural defect" of their reliance on the pending loan

modification approval process.  According to Chapter 667, however, the loan modification process does not invalidate notice of foreclosure.  Plaintiffs therefore have not alleged an actual procedural defect.

Regarding the new nonjudicial foreclosure procedures set forth in Act 48, this Act does not apply to foreclosure proceedings that took place prior to the Act's approval.  Act 48 was approved by the Governor on May 5, 2011, and Defendant held the foreclosure auction on September 17, 2010.  Section 45 of Act 48 states: "[T]his Act shall take effect upon its approval."  The Hawai`i Supreme Court has held that all statutes are to be proscriptively construed unless the legislature "expressly declared or . . . necessarily implied" its intention or purpose for retrospective application in the language of the statute.  Taniguchi v. Ass'n of Apartment Owners of Kind Manor, Inc., 114 Hawai`i 37, 48, 155 P.3d 1138, 1149 (2007) (citations and quotation marks omitted).  Act 48 therefore does not apply to Defendant's foreclosure procedures.

Based on the rule that the consideration of a loan modification application does not invalidate a notice of foreclosure and in light of the applicable state laws, Count II fails to state a claim.[7]  Further, insofar as the Court found the

---

[7] In light of this Court's ruling, it is unnecessary for this Court to reach Defendant's argument that the Court should
(continued...)

original complaint failed to allege facts establishing that the foreclosure was wrongful and Plaintiffs failed to set forth any additional factual allegations establishing that the foreclosure was wrongful, the Court finds that Plaintiffs cannot allege the facts necessary to state a plausible wrongful foreclosure claim and that any further opportunity to amend the complaint would be futile.  The Court therefore GRANTS Defendant's Motion as to Count II and DISMISSES Count II WITH PREJUDICE.

### III. **Count III - Infliction of Emotional Distress**

Under Hawai`i law, there are four elements of an IIED claim.  First, the plaintiff must prove that the defendant's conduct was either intentional or reckless.  Second, the conduct in question must have been "outrageous."  Next, the plaintiff must establish causation, and finally, there must be evidence that the plaintiff suffered extreme emotional distress.  See Young v. Allstate Ins. Co., 119 Hawai`i 403, 425, 198 P.3d 666, 688 (2008).  A determination of "outrageous" conduct is fact specific.  Hawai`i courts have defined outrageous conduct as conduct "'without just cause or excuse and beyond all bounds of decency.'"  Chin v. Carpenter-Asui, No. 28654, 2010 WL 2543613, at *4 (Hawai`i Ct. App. June 24, 2010) (some citations omitted) (quoting Lee v. Aiu, 85 Hawai`i 19, 34 n.12, 936 P.2d 655, 670

---

[7](...continued)
adopt California's rule requiring a wrongful foreclosure claim to include a tender allegation.

n.12 (1997)).  If the alleged conduct does not rise to the level of "outrageous," dismissal is proper.  See Farmer ex rel. Keomalu v. Hickam Fed. Credit Union, No. 27868, 2010 WL 466007, at *14 (Hawai`i Ct. App. Feb. 2, 2010) (citing Shoppe v. Gucci America Inc., 94 Hawai'i 368, 387, 14 P.3d 1049, 1068 (2000)), cert. denied, 2010 WL 2625261 (Hawai`i June 29, 2010).

> This district court has recognized that:
>
>> "Default and foreclosure proceedings generally do not rise to the level of extreme and outrageous conduct.  Denying a loan modification which might result in foreclosure is no more 'outrageous in character' than actually foreclosing." Erickson v. Long Beach Mortg. Co., No. 10-1423 MJP, 2011 WL 830727, at *7 (W.D. Wash. Mar. 2, 2011) (citation omitted) (dismissing IIED claim on summary judgment). But cf. Bass v. Ameriquest Mortg. Co., Civ. No. 09-00476 JMS-BMK, 2010 WL 3025167, at *10-11 (D. Haw. Aug. 3, 2010) (denying summary judgment as to an IIED claim where the plaintiff asserted that the defendant "forged her signature on the 2006 loans, refused to honor [her] right of cancellation of the loans when she discovered the forgeries, and commenced foreclosure proceedings against [her] when she failed to make her loan payments").

Uy v. Wells Fargo Bank, N.A., Civ. No. 10-00204 ACK-RLP, 2011 WL 1235590, at *14 (D. Hawai`i Mar. 28, 2011) (alterations in original).

> In its May 31, 2011 Order, this Court ruled as follows with respect to Plaintiffs' IIED claim:
>
>> The mere denial of loan modification and the foreclosure itself do not rise to the level of outrageous conduct sufficient to allege an IIED claim (citing Uy, 2011 WL 1235590, at *14).  The Court recognizes that Plaintiffs have raised

24

factual allegations of certain conduct by
Defendant in the course of the loan modification
application process that is separable from the
actual denial of loan modification.  For example,
Plaintiffs allege that Defendant misplaced their
loan modification paperwork and erroneously
transferred their modification file to the short
sale department.  [Complaint at ¶¶ 15-17.]  Even
if these, and other similar actions alleged in the
Complaint, were without just cause or excuse, they
do not rise to the level of actions that are
"beyond all bounds of decency."  See Chin, 2010 WL
2543613, at *4 (citations and quotation marks
omitted).  Plaintiffs' IIED claim does not allege
"outrageous" conduct sufficient to raise an IIED
claim.  The Court therefore FINDS that Plaintiffs
have failed to allege a plausible claim for IIED.
    It is, however, arguably possible for
Plaintiffs to cure the defects in this claim if
they can identify any outrageous conduct by
Defendant.  Further, it may also be possible for
Plaintiffs to amend the Complaint to allege
outrageous conduct by Defendant which caused them
to personally experience extreme emotional
distress.

Doran, 2011 WL 2160643, at *14-15.

    In the First Amended Complaint, Plaintiffs allege that

Defendant acted outrageously when it cancelled the loan

modification process, during which it represented that Plaintiffs

were "pre-qualified" for the loan modification.  [First Amended

Complaint at ¶¶ 45-46.]  Again, these claims "do not rise to the

level of actions that are 'beyond all bounds of decency.'"

Doran, 2011 WL 2160643, at *14 (quoting Chin, 2010 WL 2543613, at

*4).  Foreclosure and denial of loan modifications do not rise to

the level of "outrageous conduct" necessary for an IIED claim.

Uy, 2011 WL 1235590, at *14.  Plaintiffs' First Amended Complaint

25

therefore fails to state a plausible IIED claim.

Further, insofar as the Court found the original complaint's allegations of Defendant's conduct did not to rise to the level of "outrageous conduct" and Plaintiffs failed to identify other conduct beyond the loan modification process, the Court finds that Plaintiffs cannot allege the facts necessary to allege a plausible IIED claim and that any further opportunity to amend the complaint would be futile.  The Court therefore GRANTS Defendant's Motion as to Count III and DISMISSES Count III WITH PREJUDICE.

## IV.  Count IV - Loss of Consortium

Under Hawai`i law, loss of consortium is a derivative action based on the damages sustained by the injured spouse. Brown v. KFC Nat'l Mgmt. Co., 82 Hawai`i 226, 241, 921 P.2d 146, 161 (1996).  A loss of consortium claims is "only derivative in the sense that [they do] not arise unless one's spouse has sustained a personal injury.  The loss of consortium claim is a claim for damages independent and separate from the spouse's claim for damages."  Id. (citations and quotation marks omitted) (alteration in original).  The only claim in Plaintiffs' First Amended Complaint that survives the instant Motion is Count I (fraud), in which the Trust is the injured party.  Thus, the Court must also dismiss Plaintiffs' loss of consortium claim because there is no remaining claim by the Dorans in their

individual capacity that would support the loss of consortium

claim.  Insofar as the Court has dismissed the First Amended

Complaint's only claim by the Dorans in their individual capacity

(the IIED claim) with prejudice, leave to amend the loss of

consortium claim would also be futile.  The Court therefore

GRANTS Defendant's Motion as to Count IV and DISMISSES Count IV

WITH PREJUDICE.

<u>CONCLUSION</u>

On the basis of the foregoing, Wells Fargo Bank's

Motion to Dismiss First Amended Complaint, filed June 27, 2011,

is HEREBY GRANTED insofar as Counts II, III, and IV are DISMISSED

WITH PREJUDICE, and Count I is DISMISSED WITHOUT PREJUDICE.

The Court grants Plaintiffs leave to file a Second

Amended Complaint alleging a fraud claim that satisfies the

standards identified in this Order.  Plaintiffs do not have leave

to add any new defendants, causes of action, or theories of

liability.  The Court ORDERS Plaintiffs to file their Second

Amended Complaint by no later than **November 21, 2011**.  The Court

CAUTIONS Plaintiffs that, if they fail to file their Second

Amended Complaint by **November 21, 2011**, or if their Second

Amended Complaint does not comply with the pleading standards

identified in this Order, the Court will dismiss Plaintiffs'

fraud claim with prejudice.

IT IS SO ORDERED.

27

DATED AT HONOLULU, HAWAII, October 31, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

RICHARD A. DORAN, ET AL. V. WELLS FARGO BANK, ET AL; CIVIL NO. 11-00132 LEK-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FILED JUNE 13, 2011