IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD A. DORAN AND PATRICIA R. DORAN,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO BANK, ET AL.,<br><br>        Defendants. | CIVIL NO. 11-00132 LEK-KSC |

## ORDER DENYING DEFENDANT'S MOTION
## TO DISMISS SECOND AMENDED COMPLAINT

Before the Court is Defendant Wells Fargo Bank, National Association's[1] ("Defendant") Motion to Dismiss Second Amended Complaint ("Motion"), filed on December 2, 2011. Plaintiffs Richard A. Doran and Patricia R. Doran, individually and as trustees of the Richard A. Doran and Patrician R. Doran Family Trust ("the Trust", all collectively "Plaintiffs") filed their memorandum in opposition on January 17, 2012, and Defendant filed its reply on February 17, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendant's

---

[1] Wells Fargo Bank, National Association, is also known as Wells Fargo.

Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The parties and this Court are familiar with the factual and procedural background of this case, which are set forth in this Court's prior orders: the May 31, 2011 Order Granting Defendant's Motion to Dismiss Complaint filed February 8, 2011 ("5/31/11 Order"), 2011 WL 2160643; and the October 31, 2011 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss First Amended Complaint Filed June 13, 2011 ("10/31/11 Order"), 2011 WL 5239738. This Court therefore will only discuss the events that are relevant to the instant Motion.

The 10/31/11 Order dismissed Plaintiffs' wrongful foreclosure claim, infliction of emotional distress claim, and loss of consortium claim with prejudice and dismissed Plaintiffs' fraud claim without prejudice. As to the fraud claim in Plaintiffs' First Amended Complaint, this Court reiterated the standards set forth in the 5/31/11 Order, 2011 WL 5239738, at *7-8 (quoting 5/31/11 Order, 2011 WL 2160643, at *12, *11), and stated:

> Plaintiffs' First Amended Complaint fails to offer any details as to the time, place, or content of the allegedly fraudulent statements. The First Amended Complaint merely makes general allegations, for example, stating that Defendant "made a number of statements that Plaintiffs were 'pre-qualified' for loan modification", but Plaintiffs have not provided the required

> information about these misrepresentations. The general allegations in the First Amended Complaint are not sufficient to satisfy the pleading standard for fraud claims.
>
> Fraud claims must, "in addition to pleading with particularity, also must plead plausible allegations. That is, the pleadings must state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'" <u>Cafasso [ex rel. United States v. Gen. Dynamics C4 Sys. Inc.]</u>, 637 F.3d [1047,] 1055 [(9th Cir. 2011)] (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 566, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (alterations in <u>Cafasso</u>) (footnotes omitted). The Court acknowledges that, at this stage of the case, Plaintiffs may not have documentary evidence supporting their allegations and they may not know the names of the persons who made the representations. Plaintiffs, however, must plead enough facts to raise a reasonable expectation that discovery would reveal evidence of such a misrepresentation. Plaintiffs must allege the time, place, and content of the allegedly fraudulent statements in order to satisfy the Rule 9(b) standard of particularity.
>
> Further, Plaintiffs must also plead plausible allegations that they reasonably relied on Defendant's misrepresentations to their detriment. While it is understandable that the Dorans have suffered hardships because of the foreclosure on their home, it does not necessarily follow that the Trust's reliance on the alleged misrepresentations regarding the loan modification process caused harm to the Trust.

<u>Id.</u> at *8 (some alterations in 10/31/11 Order). The Court cautioned Plaintiffs that, if their Second Amended Complaint did not comply with the pleading standards set forth in the 10/31/11 Order, the Court would dismiss Plaintiffs' fraud claim with prejudice. <u>Id.</u> at *12.

Plaintiffs filed their Second Amended Complaint on November 18, 2011. [Dkt. no. 38.] The only claim in the Second Amended Complaint is a fraud claim, [id. at ¶¶ 31-61,] and Defendant is the only named defendant [id. at ¶¶ 3-4]. The Second Amended Complaint admits that Defendant "did not commit fraud because it promised a loan modification to Plaintiffs[.]" Instead, Plaintiffs allege that Defendant "committed fraud because it stated, through various representatives, that [Defendant] was exploring loss mitigation alternatives with [Plaintiffs], when it was in fact, not considering them for anything but foreclosure[.]" [Id. at ¶ 39.]

## I. **Defendant's Motion**

Defendant argues that the Second Amended Complaint still fails to allege Plaintiffs' fraud claim with the requisite particularity and still fails to state a claim that is plausible on its face. Defendant urges the Court to dismiss the Second Amended Complaint with prejudice because the Court has given Plaintiffs ample guidance and Plaintiffs have failed to correct the deficiencies that this Court identified. [Mem. in Supp. of Motion at 2.]

Defendant argues that Plaintiffs have not identified, *inter alia*, who made the allegedly false statements, who received them, the dates the statements were made, and what the specific content of those statements was. Defendant contends that the

allegations of the Second Amended Complaint do not give Defendant sufficient notice, and therefore Defendant has not had the opportunity to prepare a defense to Plaintiffs' claim. [Id. at 8-9.] Defendant also asserts that Plaintiffs have failed to present plausible allegations that Plaintiffs reasonably relied on the alleged misrepresentations to their detriment or that Plaintiffs suffered pecuniary damages as a result of that reliance. [Id. at 10.]

In addition, Defendant argues that some of the factual allegations in the Second Amended Complaint that "are not warranted based on the evidence and are not likely to have evidentiary support after a reasonable opportunity for investigation[,]" and Defendant alleges that Plaintiffs and their counsel "have misrepresented facts to the court and are in clear violation of their obligations under [Fed. R. Civ. P.] 11 and the Hawaii Rules of Professional Conduct." [Id. at 14-15.]

## II. Plaintiffs' Memorandum in Opposition

Plaintiffs argue that they have sufficiently pled the requirements of a fraud claim. Plaintiffs argue that the Court should not require Plaintiffs to include the names of the specific representatives of Defendant who made the alleged misrepresentations because Plaintiffs cannot obtain this information without discovery. Further, Plaintiffs contend that, for purposes of a motion to dismiss, their allegation that

5

Defendant's representatives made the alleged false statements to the Dorans and their agent, as well as their allegation that the statements were made from January 2010 to September 9, 2010 are sufficient.  [Mem. in Opp. at 10.]

As to Plaintiffs' detrimental reliance, Plaintiffs argue that, to survive a motion to dismiss, they are only required to allege facts that are plausible on their face; the standard is not plausibility on the facts.  They assert that they have presented plausible allegations that they relied on Defendant's misrepresentations by giving up other loss mitigation options and, as a result, they incurred attorneys' fees and jeopardized Mr. Doran's career.  [Id. at 11-12.]  Plaintiffs also argue that this reliance was reasonable under the circumstances, and there is a clear causal connection between the false representations and Plaintiffs' damages.  [Id. at 14-15.]

Finally, Plaintiffs argue that, if the Court dismisses the Second Amended Complaint, the Court should grant leave to amend.  [Id. at 15-16.]

### III. **Defendant's Reply**

Defendant acknowledges that Fed. R. Civ. P. 9(b) does not always require that plaintiffs plead precise dates and times of the alleged fraud, but Defendant argues that the Second Amended Complaint's allegation of an unspecified number of misrepresentations over a nine-month period does not give

Defendant sufficient notice of Plaintiffs' claim. Defendant acknowledges that particularity requirements may be relaxed where the evidence of a corporation's fraud is in the sole possession of the Defendant. Plaintiffs, however, should be required to identify the specific person who heard the alleged misrepresentation and, because Plaintiffs and/or their agent were the direct recipients of the alleged misrepresentations, they cannot fairly claim that Defendant has sole possession of the facts proving the alleged fraud. [Reply at 2-3.]

As to Plaintiffs' alleged detrimental reliance, Defendant argues that other district courts have rejected similarly vague allegations that the plaintiff gave up loss mitigation alternatives. Even assuming *arguendo* that Plaintiffs did give up other opportunities, Plaintiffs have not alleged how this caused them damages, and such reliance was not reasonable. [Id. at 4-5.] Further, Defendant reiterates that Plaintiffs have not pled that there was a plausible connection between Plaintiffs' pecuniary damages and the alleged misrepresentations. The Second Amended Complaint does not allege that Mr. Doran lost his contractor's license, and attorneys' fees, and litigation costs alone do not constitute pecuniary damages sufficient for a fraud claim. [Id. at 8-9.]

Finally, Defendant argues that, pursuant to this Court's warning in the 10/31/11 Order, the Court must dismiss

7

Plaintiffs' Second Amended Complaint with prejudice.

**DISCUSSION**

The applicable standards are fully set forth in the 10/31/11 Order. 2011 WL 5239738, at *6-7. In pertinent part, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693 F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Pursuant to Fed. R. Civ. P. 9(b), a plaintiff must plead fraud claims with particularity. This includes alleging "the time, place, and content of the fraudulent representation; conclusory allegations do not suffice." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir. 2010) (citation omitted).

**I. Particularity**

Defendant first urges the Court to dismiss the Second Amended Complaint because Plaintiffs failed to plead fraud with the requisite particularity. Defendant argues that Plaintiffs have only pled generalized allegations and that Plaintiffs "fail[ed] to identify the speakers of the false statements, the recipient of the statements, the dates when these statements were made, specific content such as excerpts from their

8

correspondence, or other information necessary to satisfy the requirements of Rule 9(b)."  [Mem. in Supp. of Motion at 8-9.] Defendant contends that Ninth Circuit case law requires that the allegations of a fraud claim "include a specific account 'of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations[.]'"  [Id. at 9 (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007)).]

The Second Amended Complaint alleges that "[f]rom about January 2010 until their property sold at public auction on September 9, 2010, Plaintiffs, or their attorneys, were in contact via telephone and correspondence with representatives from Wells Fargo regarding a loan modification[.]"  [Second Amended Complaint at ¶ 32.]  Defendant argues that Plaintiffs' vague allegations of a broad, nine-month time period do not satisfy Rule 9's particularity requirement.  [Reply at 2 (citing Segal Co. v Amazon, 280 F. Supp. 2d 1229 (W.D. Wash. 2003) (where plaintiffs alleged that defendant's misrepresentations occurred over course of several weeks, the complaint did not adequately indicate when and where alleged fraud took place); Levyas v. Bank of America Corp.,[2] 601 F. Supp. 2d 1201, 1217 (S.D. Cal. 2009) (where complaint specified a nine month time frame in which the

---

[2] Levyas is also known as In re Countrywide Financial Corp. Mortgage Marketing and Sales Practices Litigation.

9

misrepresentations were allegedly made, such allegations failed to satisfy the requirements of Rule 9(b))).] Defendant also argues that the Second Amended Complaint's identification of "Plaintiffs, or their attorneys" as the parties who received the alleged misrepresentations does not provide the required particularity. [Id. at 2-3.]

First, Defendant's recitation of the pleading requirements set forth in Swartz is not entirely accurate. The language that Defendant relies upon appears in the following context:

> [where] a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation, quotations omitted).

Swartz, 476 F.3d at 764. Although requiring that the allegations of place and time be specific enough to put the defendant on notice of the claim against it, Swartz does not state that the plaintiff must plead the specific time and place that a fraudulent representation occurred. Further, although Defendant states that Levyas involved a nine-month time frame (which is the

10

same period Plaintiffs allege in paragraph 32 of the Second Amended Complaint), the district court in that case actually concluded that the plaintiff's "time frame, from January 9, 2004, to September 28, 2005, is not specific enough."  601 F. Supp. 2d at 1217.  Thus, Levyas involved a period of **one year and nine months**.

Defendant also relies on Segal, in which the district court ruled, *inter alia*:

> In this case, plaintiffs fail to specify the identities of the alleged fraud perpetrators, the time and place the fraudulent statements were made, and exactly what statements were fraudulent. First, the complaint's reference to certain "representatives" of defendant is too vague to sufficiently identify the alleged perpetrators. Second, plaintiffs' assertion that defendant's misrepresentations occurred over the course of "several weeks" does not adequately indicate when and where the alleged fraud took place.

280 F. Supp. 2d at 1231 (citations omitted).  Defendant argues that the Court should similarly dismiss the instant case because Plaintiffs also allege only that Defendant's representatives made fraudulent misrepresentations to Plaintiffs or Plaintiffs' counsel over a nine-month period.  [Second Amended Complaint at ¶ 32.]

As previously stated, however, the Ninth Circuit has not held that, where the defendant is a business entity, the plaintiff must plead the names of defendant's representatives who allegedly made the fraudulent misrepresentations.  In Edwards v.

11

Marin Park, Inc., the plaintiff alleged that "the management of the park sent her unjustified, harassing pre-eviction notices in order to drive her from her tenancy[,]" and the Ninth Circuit stated that her claim under the Racketeer Influenced and Corrupt Organizations Act named the parties involved, but failed to plead the content with sufficient particularity. 356 F.3d at 1060, 1066; accord Hernandez v. Aurora Loan Servs., LLC, No. CV 11-00607 AHM(OPx), 2011 WL 6178881, at *6 (C.D. Cal. Dec. 13, 2011) ("By alleging a date, a time frame, and the general type of employee (telephone representative), Plaintiffs have met the pleading standards of Rule 9(b)."[3] (citing Susilo v. Wells Fargo Bank, N.A., 2011 WL 2471167 at *10 (C.D. Cal. June 21, 2011) (motion to dismiss denied where the "only arguable deficiency in plaintiff's allegations of fraud is that [they did] not state the names of all the individual representatives of defendants"); People v. Highland Fed. Sav. & Loan, 14 Cal. App. 4th 1692, 19

---

[3] In Hernandez, the relevant events included:

> **July 2010—December 2010**: Plaintiffs were advised by an Aurora representative, whose name is unknown to Plaintiffs, that their loan modification application was still under review, and that they should continue making the same monthly payments in accordance with the SFA pending such review. Compl. ¶ 12. In reliance on these representations, Plaintiffs allege they continued to make payments until December 2010, which Aurora accepted. Id.

2011 WL 6178881, at *2 (emphasis in original).

Cal. Rptr. 2d 555, 570 (Cal. Ct. App. 1993) (allegation for fraud against "'each record owner,' without any further identification or limitation . . . 'at the time of each respective record owner's ownership'" were stated with "ample particularity"))). This Court therefore is not persuaded that it should apply <u>Segal</u> and other similar cases to support a ruling that Plaintiffs' allegation that Defendant's representatives made fraudulent misrepresentations fails to meet Rule 9(b)'s particularity standard.

Similarly, the Court is not persuaded by <u>Segal's</u> ruling that a time period of a few weeks is insufficient to plead fraud with particularity. The crux of the pleading with particularity requirement is that the plaintiff must provide the defendant with enough information to put the defendant on notice of the alleged misconduct. In the present case, Plaintiffs allege that Defendant's representatives made a number of fraudulent statements to Plaintiffs and their counsel, by telephone and in written correspondence, from January 2010 up to the September 9, 2010 foreclosure sale of the subject property. [Second Amended Complaint at ¶ 32.] In addition, the Second Amended Complaint alleges:

> 16. On September 9, 2010, Plaintiffs, after prompting by Defendant Wells Fargo, sent Defendant Wells Fargo yet another complete modification package;
> 17. When Plaintiffs followed up with Defendant Wells Fargo one week later, a

13

>       representative told Plaintiffs that their
>       modification paperwork could not be found.  Their
>       modification package was misplaced again.
>            18.  On September 17, 2010, Plaintiffs again
>       followed up with Defendant Wells Fargo and were
>       informed that the paperwork was now found, but
>       that the file had been transferred from the
>       modification department to the short sale
>       department without Plaintiffs' consent;
>            19.  Plaintiffs never requested that their
>       file be converted from a loan modification
>       negotiation to a short sale negotiation, nor did
>       any agent of Plaintiffs' ever request this
>       transfer;
>            20.  According to the Wells Fargo
>       representative, Plaintiffs allegedly cancelled
>       their loan modification on September 10,
>       2010. . . .

[Id. at pg. 4.]  The Court finds that, under the circumstances of this case, where the Dorans were negotiating with a national bank over an extended period of time in an attempt to obtain a loan modification to enable them to remain in their home, the allegations of the Second Amended Complaint are sufficient to put Defendant on notice of when the alleged fraud occurred.[4]

The Court also finds that the Second Amended Complaint sufficiently pleads the specific content of Defendant's alleged misrepresentations.  Plaintiffs allege that Defendant's representatives stated that Plaintiffs were in the loan modification program and that their file was being reviewed, when

---

[4] In contrast, the fraud claim in Segal arose from a dispute over the terms of an oral contract between two business entities. 280 F. Supp. 2d at 1230 (the defendant engaged one of the plaintiff's divisions "to prepare stock-option valuation and employee compensation proposals for defendant").

14

in fact Defendant was not reviewing Plaintiffs' file and Defendant had no intention of modifying Plaintiffs' loan. [Id. at ¶¶ 33-35, 41.]

The Court therefore concludes that Plaintiffs have pled their fraud claim with sufficient particularity to satisfy Rule 9(b).

## II. **Plausibility**

Defendant next urges the Court to dismiss the Second Amended Complaint because Plaintiffs fail to state a claim that is plausible on its face. Defendant argues that the Second Amended Complaint does not allege plausible allegations that Plaintiffs reasonably relied upon Defendant's representations to their detriment, further, Plaintiffs cannot establish a causal connection between Defendant's representations and their damages.

As recognized in the 10/31/11 Order, a plaintiff must plead the facts supporting a fraud claim with plausibility as well as particularity. 2011 WL 5239738, at *7 (quoting Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

15

Having reviewed the allegations of the Second Amended Complaint, the Court FINDS that the allegations support a reasonable inference that: 1) Plaintiffs detrimentally relied on Defendant's alleged misrepresentations; 2) Plaintiffs' reliance was reasonable; and 3) there is a causal connection between Defendant's alleged misrepresentations and Plaintiffs' damages. The Court therefore CONCLUDES that Plaintiffs have pled a plausible fraud claim.

### III. Unwarranted Factual Allegations

Finally, Defendant argues that "many of the factual contentions in the Second Amended Complaint are not warranted based on the evidence and are not likely to have evidentiary support after a reasonable opportunity for investigation." [Mem. in Supp. of Motion at 14.] Although emphasizing that it is not an exhaustive list, Defendant identifies Plaintiffs' allegations relating to the equity which Plaintiffs had in the subject property and Defendant's foreclosure on the property.[5] Defendant argues that, in the course of the Dorans' bankruptcy proceedings, it came to light that there was no equity in the subject

---

[5] Defendant argues that the inclusion of these allegations violated the obligations that Fed. R. Civ. P. 11 imposes on Plaintiffs and their counsel. [Mem. in Supp. of Motion at 14-16.] The Court, however, will not address this argument because a party cannot seek Rule 11 sanctions within a motion to dismiss. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). . . .").

property.  [Id. at 15; Motion, Decl. of Counsel ("Counsel Decl."), Exh. D (Motion for Relief from Automatic Stay), Exh. E (Order Granting Relief from Stay).]  Defendant points out that US Bank National Association, not Defendant, foreclosed on the subject property and purchased the property a public auction.  [Mem. in Supp. of Motion at 15; Counsel Decl., Exh. C (Mortgagee's Aff. of Foreclosure Sale Under Power of Sale).]

This Court took judicial notice of the docket in the Dorans' bankruptcy proceeding in the 5/31/11 Order.  The Court, however, did so to determine whether any of the Dorans' claims were barred by the doctrine of judicial estoppel.  2011 WL 2160643, at *7-10.  In so doing, the Court ruled that the Dorans' fraud claim was not subject to judicial estoppel.  Id. at *9.  Defendant now asks the Court to consider documents from the Dorans' bankruptcy proceeding to conclude that Plaintiffs are judicially estopped from alleging that they had equity in the subject property during the period at issue in this case.  [Mem. in Supp. of Motion at 15.]  Even assuming, *arguendo*, that Plaintiffs were judicially estopped from making that allegation, it would not require this Court to dismiss Plaintiffs' fraud claim.

> Further, this district court has recognized that:
>
> When a defendant attaches exhibits to a motion to dismiss, the court ordinarily must convert the motion into a summary judgment motion so that the plaintiff has an opportunity to respond. Parrino

17

> v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir.
> 1998). However, a court "may consider evidence on
> which the complaint 'necessarily relies' if: (1)
> the complaint refers to the document; (2) the
> document is central to the plaintiff's claim; and
> (3) no party questions the authenticity of the
> copy attached to the 12(b)(6) motion." Marder v.
> Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The
> court may treat such a document as "part of the
> complaint, and thus may assume that its contents
> are true for purposes of a motion to dismiss under
> Rule 12(b)(6)." United States v. Ritchie, 342
> F.3d 903, 908 (9th Cir. 2003).

Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011). This Court could consider the bankruptcy documents and the Mortgagee's Affidavit that Defendant attached to the Motion if the documents meet the necessary requirements. The parties do not contest the accuracy of the documents, and the Second Amended Complaint does refer to Defendant's foreclosure on the subject property. The Second Amended Complaint also notes that the Dorans declared Chapter 7 bankruptcy, but the Second Amended Complaint does not refer to the motion for, or the order granting, relief from the automatic stay. Further, the Court finds that none of the three documents are central to Plaintiffs' fraud claim, which is based upon the allegation that Defendant represented that Plaintiffs were being considered for loan modification but that Defendant never intended to consider modifying Plaintiffs' loan. Plaintiffs' theory that Defendant sought to receive a windfall from foreclosing on the subject property and acquiring it attempts to

18

explain why Defendant made the alleged misrepresentations, but Defendant's motive is not central to Plaintiffs' fraud claim. The Court therefore concludes that considering the motion for, and the order granting, relief from the automatic bankruptcy stay and the Mortgagee's Affidavit would convert the instant Motion into a motion for summary judgment. This Court, in its discretion, declines to do so. Defendant, of course, may still litigate the truth of the factual allegations in the Second Amended Complaint through a motion for summary judgment or at trial.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss Second Amended Complaint, filed December 2, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 28, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RICHARD A. DORAN and PATRICIA R. DORAN V. WELLS FARGO BANK, N.A., ET AL; CIVIL NO. 11-00132 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**